(38 Misc. Rep. 751.)

### GINSBERG et al. v. COHEN.

(Supreme Court, Appellate Term. May, 1902.)

1. MARSHAL—SERVICE OF EXECUTION—SEIZURE OF PROPERTY OF THIRD PERSON— ADMISSIBILITY OF EVIDENCE.

A marshal charged with serving an execution entered a saloon, and took from the cash register $58, as belonging to a former proprietor, against whom the execution was issued. On a trial of a suit against the marshal by the present proprietor, who claimed ownership, plaintiff's counsel asked him whether any of the money belonged to the former proprietor, whose money it was, where the money came from that was in the cash register, where the money came from that the marshal took, and whether the former proprietor gave any money to an alleged agent to place in the register for the marshal. *Held*, that these questions were material and pertinent, and their exclusion was error.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Simon Ginsberg and others against Sol. Cohen. From a judgment for defendant, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and GILDERSLEEVE, JJ.

Gustavus A. Rogers, for appellants.
M. H. Gotlieb, for respondent.

PER CURIAM. This action was brought to recover the sum of $58.87 for money alleged to have been wrongfully taken by the defendant as a marshal of this city. The facts are substantially as follows: On July 12, 1901, the plaintiff purchased a saloon business and the fixtures therein of one Janet Samson, receiving a bill of sale of the same, together with a written transfer of her liquor license, and immediately entered into possession of the property. Janet Sam-

son, who, at the time of the sale by her, lived on the premises, vacated them in August, 1901. On September 12, 1901, the defendant came into the saloon with an execution issued against the property of Janet Samson, and took from the drawer of the cash register the sum of $58.87, the amount due under the execution and costs of levy. The defense relied upon was that the money in question had been placed in the drawer by Janet Samson, or under her direction, and that it was her money and not that of the plaintiffs. The defendant had a judgment in the court below. The appellants strenuously urge that the decision is not only against the weight of evidence, but that there is no evidence to warrant the finding of the court in favor of the defendant. This question need not be determined at this time, as a reversal of the judgment must be ordered for the following errors: Upon the trial one of the plaintiffs was sworn in his own behalf, and the following questions were asked him by his counsel:

"Q. Did any of that money (referring to the money taken from the drawer by the defendant) belong to Janet Samson? Q. Whose money was that? Q. Where did the money come from that was in the cash register? Q. Where did the money come from that the marshal took? Q. Did Janet Samson give any money to Isaac Samson? (the defendant having claimed that the money was given by Janet Samson to Isaac Samson to put in the register for the marshal to take)."

To each of these questions the defendant's counsel objected, and to one question only did he state any ground for his objections. Each objection was sustained by the court, and an exception duly taken to such ruling. The questions were material and pertinent to the issue raised by the defendant, and the exclusion thereof was error prejudicial to the plaintiffs.

Judgment reversed, and new trial ordered, with costs to appellants, to abide event.